**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| | ) | Case No.  1:25-cv-14252 |
| Plaintiff, | ) ) | |
| | ) | Honorable Sunil Harjani |
| v. | ) ) | |
| ANTHONY ROOFING TECTA AMERICA LLC., and TECTA AMERICA CORP., | ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| DERRICK GRAVES, | ) ) | |
| Plaintiff-Intervenor. | ) | |

**DEFENDANT TECTA AMERICA CORP.'S MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO DISMISS**
**THE FIRST AMENDED COMPLAINT-IN-INTERVENTION**

Gary R. Clark (ARDC #6271092)
William A. Walden (ARDC #6310421)
Quarles & Brady LLP
155 North Wacker Drive, Ste. 3200
Chicago, IL 60606
(312) 715-5000
Gary.Clark@quarles.com
William.Walden@quarles.com

QB\101940473.3

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.    FACTUAL BACKGROUND ............................................................................... 1

III.    LEGAL STANDARD ......................................................................................... 2

IV.    ARGUMENT ....................................................................................................... 3

    A.    Tecta Should be Dismissed from This Action Because Graves Has Not Pled Any Basis to Suggest Tecta was His Employer. ......................................................... 3

        1.    The Amended Complaint Fails to Allege any Facts in Support of the Existence of an Employment Relationship Between Graves and Tecta. ................................ 4

        2.    The Amended Complaint Fails to Allege a Viable Single Employer Claim. ............ 5

    B.    The Title VII Claim Against Tecta Must Also be Dismissed Because Graves Failed to Exhaust his Administrative Remedies. ................................................................ 8

        1.    No Charge Naming Tecta Was Filed. ................................................................... 8

        2.    Graves Cannot Satisfy the *Eggleston* Exception. ................................................ 10

        a.    *Notice.* ................................................................................................................. 10

        b.    *Opportunity to Conciliate.* ................................................................................. 12

        c.    *No "Single Employer" Exception.* ..................................................................... 13

V.    CONCLUSION ................................................................................................... 14

i

**TABLE OF AUTHORITIES**

<u>**Cases**</u>

*Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014)

*Alam v. Miller Brewing Co.*, 709 F.3d 662 (7th Cir. 2013)

*Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974)

*Anderson v. Simon*, 217 F.3d 472 (7th Cir. 2000)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Babrocky v. Jewel Food Co.*, 773 F.2d 857 (7th Cir. 1985)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Bell v. City of Chicago*, 835 F.3d 736 (7th Cir. 2016)

*Bridge v. New Holland Logansport*, 815 F.3d 356 (7th Cir. 2016)

*Bright v. Hill's Pet Nutrition*, 510 F.3d 766 (7th Cir. 2007)

*Bright v. Roadway Servs., Inc.*, 846 F. Supp. 693 (N.D. Ill. 1994)

*Caskey v. Colgate-Palmolive Co.*, 438 F. Supp. 2d 950 (N.D. Ill. 2006)

*Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497 (7th Cir. 1994)

*Curry v. Chateau del Mar, Inc.*, No. 07 C 6021, 2008 WL 5387118 (N.D. Ill. Dec. 22, 2008)

*EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007)

*EEOC v. RJB Properties*, 857 F. Supp. 2d 727 (N.D. Ill. 2012)

*Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U.A.*, 657 F.2d 890 (7th Cir. 1981)

*Equal Emp. Opportunity Comm'n v. Am. Flange*, No. 21 C 5552, 2022 WL 1693487 (N.D. Ill. May 26, 2022)

*Ezell v. Potter*, 400 F.3d 1041 (7th Cir. 2005)

*Garner v. Knoll Bros. Quick Marts*, 962 F. Supp. 1115 (N.D. Ind. 1997)

*Hoosier v. Greenwood Hosp. Mgmt. LLC*, 32 F. Supp. 3d 966 (N.D. Ill. 2014)

*Humphries v. CBOCS West, Inc.*, 474 F.3d 387 (7th Cir. 2007)

*Hystro Prods., Inc. v. MNP Corp.*, 18 F.3d 1384 (7th Cir. 1994)

*Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121 (N.D. Ill. 2017)

*Johnson v. A & R Sec. Servs., Inc.*, No. 11 C 8844, 2012 WL 3023408 (N.D. Ill. July 24, 2012)

*Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004)

*Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774 (7th Cir. 2022)

*Kawczynski v. F.E. Moran, Inc. Fire Prot.*, No. 15 C 3099, 2015 WL 4871029 (N.D. Ill. Aug. 13, 2015)

*Kennedy v. Fritsch*, No. 90 C 5446, 1993 WL 761979 (N.D. Ill. Mar. 1, 1993)

*Keri v. Board of Trustees of Purdue University*, 458 F.3d 620 (7th Cir. 2006)

*Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377 (7th Cir. 1991)

*Latuga v. Hooters, Inc.*, No. 93 C 7709, 1994 WL 113079 (N.D. Ill. Apr. 1, 1994)

*Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797 (7th Cir. 2008)

*Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697 (7th Cir. 2015)

*Macrito v. Events Exposition Servs. Inc.*, No. 09 C 7371, 2011 WL 5101712 (N.D. Ill. Oct. 21, 2011)

*Massey v. Churchview Supportive Living, Inc.*, No. 17 C 2253, 2018 WL 999900 (N.D. Ill. Feb. 21, 2018)

*Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983 (N.D. Ill. 2010)

*Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597 (7th Cir. 2001)

*Papa v. Katy Indus., Inc.*, 166 F.3d 937 (7th Cir. 1999)

*Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989)

*Sea-Land Servs., Inc. v. Pepper Source*, 941 F.2d 519 (7th Cir. 1991)

*Sloan v. Clorox Corp.*, No. 99 C 417, 1999 WL 495900 (N.D. Ill. July 2, 1999)

*Smith v. Bray*, 681 F.3d 888 (7th Cir. 2012)

*Summerland v. Exelon Generation Co.*, 510 F. Supp. 3d 619 (N.D. Ill. 2020)

*Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008)

*Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 943 (N.D. Ill. 2013)

*Wells v. Hosp. Grp. of Illinois, Inc.*, No. 02 C 6111, 2003 WL 21704416 (N.D. Ill. July 23, 2003)

*Wessman v. DDB Chicago, Inc.*, No. 12 C 6712, 2012 WL 6216773 (N.D. Ill. Dec. 13, 2012)

*Worth v. Tyer*, 276 F.3d 249 (7th Cir. 2001)

**Statutes**

42 U.S.C. § 1981

42 U.S.C. § 2000e *et seq.* (Title VII)

**Rules**

Fed. R. Civ. P. 12(b)(6)

QB\101940473.3

## I.    INTRODUCTION

Plaintiff-Intervenor Derrick Graves ("Intervenor" or "Graves") was granted leave to file a Complaint-In-Intervention which alleges, among other things, that while an employee of Anthony Roofing Tecta America LLC ("Anthony"), he was harassed based on his race, constructively discharged, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). Graves filed a First Amended Complaint-In-Intervention ("Amended Complaint"), in response to a motion to dismiss, to try to address the apparent defects in his claims against Tecta America Corp. ("Tecta"). The Amended Complaint fares no better than the original because it alleges in conclusory fashion that Tecta was Graves' employer with no sufficient factual basis to support a plausible claim for relief against Tecta.

Additionally, Graves never filed a Charge that alleged Tecta was his employer and violated Title VII or otherwise acted in furtherance of his obligation to exhaust his administrative remedies. This is reflected in the EEOC Letter of Determination, which neither identifies Tecta nor alleges that Tecta was Graves' employer or acted in any way in alleged violation of the law. With no plausible basis for alleging that Tecta was his employer and a clear failure to exhaust his administrative remedies for the claim pled against Tecta, the Amended Complaint should be dismissed as to Tecta pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    FACTUAL BACKGROUND

On June 27, 2022, Graves filed a charge with the EEOC against his former employer Anthony, alleging that he was subjected to harassment and discrimination resulting in his constructive discharge (the "Charge"). (Amended Complaint-In-Intervention ["Am. Compl."] at

1

¶¶ 5, 24-25, 27). (*See* **Exhibit A**).[1] The Charge, which Graves filed with the assistance of counsel, includes no allegations against Tecta; nor does it name Tecta as an employer. (*See* **Exhibit A**).

On May 16, 2025, the EEOC issued a Letter of Determination ("Determination") finding reasonable cause to believe that Anthony violated Title VII. (Am. Compl. at ¶ 28). (*See* **Exhibit B** – Letter of Determination).[2] The Determination contains no reference to Tecta and is focused exclusively on Anthony. *Id.*

Despite the repeated and continued omission of Tecta from the EEOC proceedings, Graves' Amended Complaint names Tecta as a defendant. The Amended Complaint alleges in conclusory fashion that Anthony, as Tecta's subsidiary, does not maintain a separate identity, received *de facto* notice of the Charge's allegations due to this alleged relationship, and is sufficiently integrated with Tecta to constitute a single employer under the law (Am. Compl. at ¶¶ 12, 15-17, 26). The facts pled in support of this single employer conclusion center around Anthony sporadically appearing on Tecta's website, Tecta issuing a statement regarding Tony Clausen becoming Anthony's President, Tecta allegedly paying him, and that employees were directed to report alleged harassment at Anthony to Tecta's Human Resources department, which Graves did. (Am. Compl. at ¶¶ 16-22, 34-35, 41).

### III. LEGAL STANDARD

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[1] The Charge is referred to in Graves's Amended Complaint and is central to his claims. Therefore, the Court can refer to it without converting this motion into a motion for summary judgment. *See Adams v. City of Indianapolis,* 742 F.3d 720, 729 (7th Cir. 2014); *Kawczynski v. F.E. Moran, Inc. Fire Prot.*, No. 15 C 3099, 2015 WL 4871029 (N.D. Ill. Aug. 13, 2015).

[2] Similarly, the Letter of Determination is referred to in the Amended Complaint and is central to Graves' claims, so the Court can refer to it without converting this motion into a motion for summary judgment. *Id.*

QB\101940473.3

action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has held that this requires pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

The Seventh Circuit has followed *Twombly* by holding that a complaint must plead sufficient facts and detail to: (i) give the defendant fair notice of what the claim is and the grounds upon which it rests; and (ii) state a claim for relief that rises above the speculative level and is plausible on its face. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The amount and types of facts necessary to satisfy this requirement will vary from case to case, but "[a] complaint must always… allege enough facts to state a claim to relief that is plausible on its face, and how many facts are enough will depend on the type of case." *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## IV. ARGUMENT

### A. Tecta Should be Dismissed from This Action Because Graves Has Not Pled Any Basis to Suggest Tecta was His Employer.

It is axiomatic that, to proceed on a Title VII claim, a plaintiff must plead enough facts to establish that an *employer* instituted an adverse employment action against the plaintiff because of his race or protected activity. *Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 943, 955 (N.D. Ill. 2013) (citing *Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012)). Graves' Section 1981 claim likewise requires an employment relationship between Graves and Tecta. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383, 124 S.Ct. 1836, 1846, 158 L.Ed.2d 645 (2004) (the phrase "make and enforce contracts" prohibits racial discrimination in the employment context, including harassment, discharge, and retaliation); *Hoosier v. Greenwood Hosp. Mgmt. LLC*, 32 F. Supp. 3d

3

966, 974 (N.D. Ill. 2014). In other words, Graves cannot proceed on his Title VII and Section 1981 claims without proving "the existence of an employer-employee relationship" between Tecta and himself. *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015).

Courts generally apply the same analysis to discrimination claims brought under Title VII and Section 1981. *See Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403 (7th Cir. 2007) (stating that courts "generally have applied the same prima facie requirements to discrimination claims brought under Title VII and section 1981"); *Keri v. Board of Trustees of Purdue University*, 458 F.3d 620, 641 n. 5 (7th Cir. 2006) (overruled on other grounds) (stating that "both Title VII and § 1981 employ the same analysis"); *see also Hoosier*, 32 F. Supp. 3d at 974.

### 1. The Amended Complaint Fails to Allege any Facts in Support of the Existence of an Employment Relationship Between Graves and Tecta.

Nowhere in Graves' Amended Complaint does he allege an actual employment relationship with Tecta wherein he performed services for—and at the direction of Tecta. Graves' EEOC Charge likewise omitted any reference to Tecta and simply alleged an employment relationship with Anthony.

To determine whether an entity is an employer, courts analyze the five factors of the so-called *Knight* test: (a) who controls and supervises the worker; (b) the nature of the worker's occupation and required skills; (c) who pays costs of things like equipment or the workplace; (d) who handles payments and benefits; and (e) the length of the job commitment. *Id.* (citing *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378–79 (7th Cir. 1991)). The most important factor is supervision and control, especially the ability to hire and fire. *Id.*

Graves' Amended Complaint ignores four of the five *Knight* factors, including the most important factor (supervision and control of the worker), and instead merely opines that Tecta controls Anthony and paid Graves. The conclusion that Tecta controls Anthony misses the mark

4

because it alleges a fact true for every parent company and subsidiary relationship (some level of control commensurate with the investment) and what the *Knight* factor actually requires–facts suggesting that Tecta directly supervised and directed Graves in the performance of his work–is entirely missing from the Amended Complaint allegations. Nor does the allegation that Tecta paid Graves directly allege anything sufficient to satisfy the *Knight* test by itself.[3] With nothing factual pled in support of the five *Knight* factors, the conclusory allegation that Tecta employed Graves fails to state a plausible claim for relief against Tecta under either Title VII or Section 1981. As such, all claims against Tecta should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

    **2.**    **The Amended Complaint Fails to Allege a Viable Single Employer Claim.**

Graves' claims are also not saved by an assertion that Tecta is liable as a "single employer" with Anthony, because the allegations in the Amended Complaint are insufficient, as a matter of law. Under the single employer test, the affiliated entity forfeits its limited liability status only if: (a) the traditional conditions for "piercing the corporate veil" are present; (b) the corporation took actions to sever the small corporation for the express purpose of avoiding liability; (c) the corporation directed the discriminatory act, practice, or policy of which the employee is complaining; or (d) the corporation is liable based on the misdeeds of its predecessor through successor liability. *See Worth v. Tyer*, 276 F.3d 249, 260 (7th Cir. 2001)*; Papa v. Katy Indus., Inc.,* 166 F.3d 937 (7th Cir. 1999) (considering whether a parent and subsidiary were a single or integrated employer to establish the minimum employee threshold to bring suit under Title VII).

---

[3] While Defendants are required to accept the Amended Complaint allegations as true for purposes of this Rule 12 motion, some of the allegations are clearly misrepresentations of fact. For instance, one look at Graves' W-2 and paychecks clearly refutes any assertion that Tecta (as opposed to Anthony) paid Graves for his work. Even a cursory investigation would have revealed the lack of truth to this allegation. Defendants are deeply troubled to see such a blatant misrepresentation of fact to the Court.

The Amended Complaint does not allege any facts in support of any of these methods for establishing a single employer relationship.

In particular, in order to pierce the corporate veil, under Illinois law Graves must allege sufficient facts to establish that: (i) there is such unity of interest and ownership that separate corporate identities cease to exist; and (ii) adherence to the corporate form would sanction a fraud or promote injustice. *Hystro Prods., Inc. v. MNP Corp.*, 18 F.3d 1384, 1388–89 (7th Cir. 1994). The only added allegations regarding Tecta and Anthony's relationship is that Tecta's website refers to Anthony and a reference to a press release by Tecta regarding Tony Clausen becoming President of Anthony. This is insufficient to establish such a unity of interest and ownership that separate corporate identities cease to exist. *Bridge v. New Holland Logansport*, 815 F.3d 356 (7th Cir. 2016); *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1128–32 (N.D. Ill. 2017); *Macrito v. Events Exposition Servs. Inc.*, No. 09 C 7371, 2011 WL 5101712, at *2 (N.D. Ill. Oct. 21, 2011) (description by company of related company on its website as its "sister company" did not support the argument that Events and Event Electrical constitute a single employer for Title VII purposes). Nor does the Amended Complaint allege facts satisfying the second prong of the test. Illinois law requires "some unfairness, fraud or deception, or compelling public interest"—not simply the denial of recovery. *Sea-Land Servs., Inc. v. Pepper Source*, 941 F.2d 519, 523 (7th Cir. 1991).

The Amended Complaint also does not contain any facts to establish that Tecta directed the discriminatory act, practice, or policy of which Graves is complaining. Indeed, the only alleged involvement by Tecta in Graves' employment is an allegation that employees were told to report concerns to Tecta and that Graves reported a concern to a Tecta HR employee. That is simply not sufficient.

6

QB\101940473.3

Courts have consistently distinguished a parent company's awareness of complaints, on one hand, from direction of discriminatory conduct on the other. In *Bright v. Hill's Pet Nutrition*, the Seventh Circuit held that it "does [not] matter that managers at [the subsidiary] told managers at [the parent company] about the problems," because "Title VII applies to employers, not to investors who know about what employers are doing." 510 F.3d 766, 771 (7th Cir. 2007). Similarly, in *EEOC v. RJB Properties*, the court rejected a theory that a corporate affiliate was liable because its human resources director was aware of the subsidiary's discrimination but failed to act, finding that shared HR services and awareness of discrimination are insufficient to show direction of discriminatory conduct. 857 F. Supp. 2d 727 (N.D. Ill. 2012).

On this point, *Wessman v. DDB Chicago, Inc.*, No. 12 C 6712, 2012 WL 6216773, at *3 (N.D. Ill. Dec. 13, 2012) is particularly instructive. There, the plaintiff alleged that she made complaints to a company related to her employer about the conduct of an employee at her actual employer. The court dismissed the complaint against the related company because it did not allege any facts suggesting that any of the requisites for determining a "single employer" relationship existed, including the absence of any facts that the related company instructed her employer to directly violate Title VII, counseled unlawful acts, or acted in a manner to facilitate the alleged discrimination or achieve the end result.

The same reasoning applies here. The allegation that Graves reported racial harassment to Tecta's HR Director (Am. Compl. ¶ 41) shows, at most, awareness—not direction or participation in discriminatory acts.

The Amended Complaint also adds an allegation that Anthony directed employees to report complaints to Tecta. (Am. Compl. ¶ 16). This too is legally insufficient. *See Caskey v. Colgate-Palmolive Co.*, 438 F. Supp. 2d 950, 954 (N.D. Ill. 2006). As the Seventh Circuit has emphasized:

QB\101940473.3

"[t]hat a parent corporation has tried to prevent violations of law (the better to protect the value of its investment) hardly makes it directly responsible for those violations!" *Bright v. Hill's*, 510 F.3d at 771. A subsidiary's policy directing complaints to a parent company does not transform that parent into an employer who directed discriminatory acts. *Id.* In short, there are no allegations in the Amended Complaint that support a theory that it directed any sort of discriminatory act, practice or policy.

The Amended Complaint also does not allege facts establishing that Tecta severed Anthony for the purpose of avoiding liability under discrimination laws or that successor liability exists. Accordingly, none of the remaining *Papa* bases have been pled to establish that Tecta and Anthony are a single employer. In short, the Amended Complaint-in-Intervention pleads nothing to state a plausible claim for relief on the theory that Tecta was either Graves' actual employer or a single employer with Anthony. As such, all claims against Tecta should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) ("To be sure, although a plaintiff 'need not plead detailed factual allegations to survive a motion to dismiss, [he] still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for h[is] complaint to be considered adequate.'") (*quoting Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

**B.     The Title VII Claim Against Tecta Must Also be Dismissed Because Graves Failed to Exhaust his Administrative Remedies.**

**1.     No Charge Naming Tecta Was Filed.**

"A plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) (citing *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974)). "It is a basic principle of employment discrimination law that a plaintiff may not sue a defendant in federal

QB\101940473.3

court unless she has first presented her claim to the EEOC." *Johnson v. A & R Sec. Servs., Inc.*, No. 11 C 8844, 2012 WL 3023408, at *2 (N.D. Ill. July 24, 2012) (collecting cases).

As noted previously, Tecta is not named as a respondent in the Charge Graves filed with the EEOC. (Am. Compl. at ¶¶ 24-25, 27, **Exhibits A** & **B**). Nor does the EEOC's determination in this matter reference Tecta. *Id.* Indeed, at no time during the EEOC proceedings was there any attempt by Graves to name Tecta as his employer.

Generally, a party not named in an EEOC charge may not be sued under Title VII. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989); *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001) ("Under the law of this circuit, a parent organization not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that the parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf."); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) ("a party not named as the respondent in an EEOC charge may not be sued under Title VII"). Graves was obligated to ensure his Charge matched the subsequent complaint to both notify Tecta of the misconduct alleged against it and afford Tecta an opportunity to resolve the claim via conciliation, thereby effectuating Title VII's primary goal of securing voluntary compliance with its mandates without resort to the courts. *See Tamayo*, 526 F.3d at 1089 (quoting *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005)). While the Amended Complaint now asserts that "Tecta America was mentioned by name in the Charge" (Am. Compl. ¶ 26), this statement is intentionally misleading: the only reference in the Charge to "Tecta America" was the Charge's attempt at *Anthony's legal name*—"Anthony Roofing, Ltd., a Tecta America Company"—not as a separate respondent.[4] Further, Tecta's legal name is Tecta America Corp. Even with assistance from counsel

---

[4] Anthony Roofing's full legal name is actually "Anthony Roofing Tecta America LLC." *Business Entity Search*, Ill. Sec'y of State, https://apps.ilsos.gov/businessentitysearch/businessentitysearch (last visited Apr. 10, 2026). "In ruling

QB\101940473.3

in filing the Charge, Graves did not comply with this obligation and cannot now proceed on a Title VII claim against Tecta.

### 2. Graves Cannot Satisfy the *Eggleston* Exception.

While the Seventh Circuit has outlined a narrow exception to the general rule that a respondent must have been named in a charge (the "*Eggleston* exception"), it does not apply here. Under the *Eggleston* exception, an unnamed parent company may be added as a defendant only if it had both: (1) notice of the claim against it—as opposed to the claim against its subsidiary; and (2) an opportunity to conciliate on its own behalf. *Olsen*, 267 F.3d at 604; *Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U. A.*, 657 F.2d 890, 905 (7th Cir. 1981); *Schnellbaecher*, 887 F.2d at 127.

#### a. *Notice.*

To satisfy the first element, Graves must plead facts suggesting that Tecta had notice of the claim against it – separate from the claim against Anthony. *Bright v. Roadway Servs., Inc.*, 846 F. Supp. 693, 697 (N.D. Ill. 1994) (citing *Eggleston,* 657 F.2d at 906–07) ("[T]he decisive factor in determining if an unnamed defendant is a proper party to a Title VII action is whether the unnamed defendant had notice that it was subject to suit."). However, there are no allegations in the Amended Complaint of anything, including in the Charge, the Determination, or the request for conciliation, that would have put Tecta on notice that Graves or the EEOC was alleging that it had engaged in conduct that violated Title VII. *Bright v. Roadway*, 846 F. Supp. at 697-98 ("Roadway may have had notice of plaintiff's EEOC charge and participated in conciliation proceedings. Roadway did not have notice that it was subject to a discrimination action and, thus, did not have the opportunity to conciliate *on its own behalf.*") (emphasis in original); *Summerland v. Exelon*

---

on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment." *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

QB\101940473.3

*Generation Co.*, 510 F. Supp. 3d 619 (N.D. Ill. 2020) ("This exhaustion rule 'serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of **giving the employe[r] some warning of the conduct about which the employee is aggrieved.**'" (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (emphasis added)).

As the *Bright v. Roadway* court noted, "[T]he decisive factor in determining if [this exception applies] . . . is whether the unnamed defendant had notice that *it was subject to suit* [, because w]hen a party has notice of the possibility of a discrimination action against it, that party has the opportunity, or at least the incentive, to conciliate." 846 F. Supp. at 697 (citing *Eggleston*, 657 F.2d at 906) (emphasis added); *see also Sloan v. Clorox Corp.*, No. 99 C 417, 1999 WL 495900, at *2-3 (N.D. Ill. July 2, 1999) ("Even if Plaintiff's assertion is true that Clorox received the EEOC charge, the EEOC complaint does not sufficiently identify or allude to Clorox being subject to such charge. Plaintiff asserts that the call to '[r]espondent's corporate office' in section III B of the EEOC charge refers to Clorox. However, the only employer address and telephone number listed on the charge is that of Hidden Valley in Illinois. Clorox's address and telephone number are in California. In addition, the charge only refers to a singular respondent throughout its text, and the only reasonable inference that can be drawn from reading the EEOC charge is that Plaintiff was referring to Hidden Valley alone").

"[A] mere corporate relationship between a named respondent and an unnamed party is . . . insufficient to establish notice." *Kennedy v. Fritsch*, No. 90 C 5446, 1993 WL 761979, at *7 (N.D. Ill. Mar. 1, 1993) (citing multiple decisions in support); *Metz v. Joe Rizza Imports, Inc.*, 700 F.Supp.2d 983, 986 (N.D. Ill. 2010) (dismissing unnamed corporate affiliates even though five had the same president as the properly named defendant). (Am. Compl. at ¶¶ 12, 15).

11

Here, neither the Charge nor the EEOC Determination could have placed Tecta on notice of allegations against it. (*See* **Exhibits A** & **B**). Indeed, neither the Charge nor the Determination reference Tecta at all; rather, as explained above, they name Anthony as the employer Respondent and only Anthony. *See Sloan*, 1999 WL 495900, at \*3 (no notice where the EEOC complaint does not "identify or allude to Clorox being subject to such charge").[5]

At best, Graves' allegations established that Tecta may have had notice of the claim against *Anthony*—but the Seventh Circuit has made clear that is not enough. *See, e.g., Schnellbaecher*, 887 F.2d at 127 (parent company was dismissed after it was not named in an EEOC charge because, although the parent company was aware of the EEOC charge against its subsidiary company, it was not aware of the charge against itself). As such, the Title VII claim alleged against Tecta should be dismissed with prejudice. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (affirming dismissal where complaint failed to allege any facts regarding whether defendant had notice of the charge or an opportunity to participate in conciliation proceedings).

### b.        *Opportunity to Conciliate.*

The Amended Complaint alleges nothing in support of the requirement that Tecta was given an opportunity to conciliate the claims now alleged against it (or even those alleged against Anthony). Nor does the fact that Anthony is a subsidiary of Tecta excuse this deficiency, as courts in the Seventh Circuit have made clear that notice (and the opportunity to conciliate) a claim against a subsidiary does not meet the requirement that the parent corporation receive notice (and the opportunity to conciliate) with regard to any claims against the parent. *Sloan*, 1999 WL 495900,

---

[5] This is not a situation in which the Court should give leeway to Graves for not naming the parent company as he was represented by counsel in filing the Charge. *See, e.g., Sloan*, 1999 WL 495900, at \*2; *Garner v. Knoll Bros. Quick Marts*, 962 F. Supp. 1115, 1118 (N.D. Ind. 1997*); Latuga v. Hooters, Inc.,* No. 93 C 7709, 1994 WL 113079, at \*3 (N.D. Ill. Apr. 1, 1994) (giving less leeway to plaintiff for not naming related company because the charge was drafted by counsel).

at *3. There must be a further step that would notify the parent of their involvement with the allegations in the Charge. *Id.; Curry v. Chateau del Mar, Inc.*, No. 07 C 6021, 2008 WL 5387118, at *2 (N.D. Ill. Dec. 22, 2008). Graves' Charge only names Anthony. (*See* **Exhibit A**). The EEOC's subsequent Determination, which only names Anthony, failed to provide Tecta the opportunity to conciliate required by law (*See* **Exhibit B**). Without this opportunity, and with no means available to remedy the EEOC's procedural actions, Tecta must be dismissed as a party.

### c. No "Single Employer" Exception.

Nor does Graves' claim that Tecta and Anthony were a single employer excuse this defect in his Title VII claim against Tecta. A mere corporate relationship is insufficient to invoke the *Eggleston* exception. *See Kennedy*, 1993 WL 761979, at *7 (citing multiple decisions in support) ("[A] mere corporate relationship between a named respondent and an unnamed party is . . . insufficient to establish notice."). (Am. Compl. at ¶¶ 12, 15). In fact, courts within the Seventh Circuit have specifically rejected any argument that a corporate relationship can ever excuse the notice requirement. *See, e.g., Massey v. Churchview Supportive Living, Inc.*, No. 17 C 2253, 2018 WL 999900, at *5 (N.D. Ill. Feb. 21, 2018) ("[T]he Seventh Circuit has consistently applied the 'notice' analysis, and not the *Glus* test [which considers degree of corporate relationship between a named and unnamed party] to determine whether the exception applies"); *Wells v. Hosp. Grp. of Illinois, Inc.*, No. 02 C 6111, 2003 WL 21704416, at *4 (N.D. Ill. July 23, 2003) ("Plaintiff misconstrues the *Eggleston* Exception because she relies on the balancing test from *Glus* . . . Although the court in *Eggleston* [ ] outlined this balancing test, it does not apply in this court.").

As courts have noted, the single employer argument is completely separate from the question of whether administrative requirements have been exhausted. Thus, even if Graves had pled enough facts to assert that Tecta and Anthony are a single employer (which he has not), either

13

a charge must be filed against each entity or the *Eggleston* exception must be met. *See Equal Emp. Opportunity Comm'n v. Am. Flange*, No. 21 C 5552, 2022 WL 1693487, at \*6 (N.D. Ill. May 26, 2022) ("In other words, even where a plaintiff can successfully establish an indirect employer's potential liability under *Worth* and *Papa*, he must still exhaust his administrative remedies as to that indirect employer – or, alternatively, come within the *Eggleston* exception."). As such, the single employer allegation does nothing to excuse Graves' failure to file an EEOC charge identifying Tecta as his employer for purposes of the Title VII claim alleged. As this deficiency cannot be cured, the Title VII claim against Tecta should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Defendant Tecta America Corp. from this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6).

Date: April 20, 2026

Respectfully submitted,

TECTA AMERICA CORP.

By: /s/ William A. Walden
One of Its Attorneys

Gary R. Clark (ARDC #6271092)
William A. Walden (ARDC #6310421)
Quarles & Brady LLP
155 North Wacker Drive, Ste. 3200
Chicago, IL 60606
(312) 715-5000
Gary.Clark@quarles.com
William.Walden@quarles.com

14

QB\101940473.3

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on April 20, 2026, a copy of the foregoing **DEFENDANT TECTA AMERICA CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT-IN-INTERVENTION** was filed electronically. Parties may access this filing through the Court's system.

/s/ William A. Walden
William A. Walden

15

QB\101940473.3