**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:25-cv-14252 |
| v. | ) ) | |
| ANTHONY ROOFING TECTA AMERICA LLC, and TECTA AMERICA CORP. | ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| DERRICK GRAVES, | ) ) | |
| Plaintiff-Intervenor. | ) ) | |

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS EEOC'S AMENDED COMPLAINT</u>**

Gary R. Clark (ARDC #6271092)
William A. Walden (ARDC #6310421)
Quarles & Brady LLP
155 North Wacker Drive, Ste. 3200
Chicago, IL 60606
(312) 715-5000
Gary.Clark@quarles.com
William.Walden@quarles.com

QB\102056543.3

# Table of Contents

INTRODUCTION ........................................................................................................... 1

FACTUAL ALLEGATIONS ......................................................................................... 2

ARGUMENT ................................................................................................................. 3

I.  Title VII's Administrative Requirements Have Not Been Met for Tecta............................. 3

    A.   No Charge Naming Tecta Was Filed. ................................................................. 3

    B.   The EEOC Cannot Satisfy the Eggleston Exception. ...................................... 4

    1.   Notice. ................................................................................................................ 4

    2.   Opportunity to Conciliate. ............................................................................... 6

    3.   No "Single Employer" Exception. .................................................................. 7

II.  Tecta Should Be Dismissed Because the EEOC Has Not Pled Any Basis to Suggest Tecta Was the Employer. .............................................................................................. 8

    A.   The Amended Complaint Does Not Allege Tecta Was the Actual Employer................. 8

    B.   The Amended Complaint Fails to Meet Minimum Pleading Requirements for a Single Employer Claim .................................................................................. 9

    1.   Piercing the Corporate Veil ............................................................................ 10

    2.   Directing the Discriminatory Act.................................................................... 10

III.  The Amended Complaint Must Be Dismissed as to Both Defendants for Failure to State a Claim. .................................................................................................................. 12

    A.   Minimum Pleading Requirements ................................................................. 12

    B.   The Amended Complaint Must Be Dismissed for Failure to State a Claim. ................. 12

    C   Allegations of Harassment Before August 31, 2021 Should Be Dismissed................. 13

**CONCLUSION** ............................................................................................................ 14

**TABLE OF AUTHORITIES**

<u>CASES</u>

| Authority | Page(s) |
|---|---|
| *Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014) | 2 |
| *Alam v. Miller Brewing Co.*, 709 F.3d 662 (7th Cir. 2013) | 3 |
| *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974) | 3 |
| *Anderson v. Simon*, 217 F.3d 472 (7th Cir. 2000) | 4 |
| *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) | 12 |
| *Babrocky v. Jewel Food Co.*, 773 F.2d 857 (7th Cir. 1985) | 3 |
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) | 12 |
| *Bridge v. New Holland Logansport*, 815 F.3d 356 (7th Cir. 2016) | 10 |
| *Bright v. Hill's Pet Nutrition, Inc.*, 510 F.3d 766 (7th Cir. 2007) | 9, 11 |
| *Bright v. Roadway Servs., Inc.*, 846 F. Supp. 693 (N.D. Ill. 1994) | 4, 5, 7 |
| *Caskey v. Colgate-Palmolive Co.*, 438 F. Supp. 2d 954 (S.D. Ind. 2006) | 9, 11 |
| *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497 (7th Cir. 1994) | 5 |
| *Curry v. Chateau del Mar, Inc.,* No. 07 C 6021, 2008 WL 5387118 (N.D. Ill. Dec. 22, 2008) | 7 |
| *EEOC v. American Flange*, No. 21 C 5552, 2022 WL 1693487 (N.D. Ill. May 26, 2022) | 7 |
| *EEOC v. American Flange*, No. 21 C 5552, 2023 WL 4818185 (N.D. Ill. 2023) | 4, 6 |
| *EEOC v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499 (S.D. Tex. 2012) | 13 |
| *EEOC v. Custom Cos., Inc.,* No. 02 C 3768, 2004 WL 765891 (N.D. Ill. Apr. 7, 2004) | 13 |
| *EEOC v. FAPS, Inc.,* No. CIV. 10-3095, 2014 WL 4798802 (D.N.J. Sept. 26, 2014) | 14 |
| *EEOC v. Freeman*, No. RWT 09CV2573, 2010 WL 1728847 (D. Md. Apr. 27, 2010) | 14 |
| *EEOC v. Harvey L. Walner & Assocs.,* No. 95 C 1355, 1995 WL 470233 (N.D. Ill. Aug. 7, 1995) | 13–14 |
| *EEOC v. Illinois*, 69 F.3d 167 (7th Cir. 1995) | 9 |

*EEOC v. Jillian's of Indianapolis, Inc.*, 279 F. Supp. 2d 974 (S.D. Ind. 2003) — 3

*EEOC v. RJB Properties*, 857 F. Supp. 2d 727 (N.D. Ill. 2012) — 11

*EEOC v. Rosebud Rests., Inc.*, 85 F. Supp. 3d 1002 (N.D. Ill. 2015) — 12

*EEOC v. UPS, No. 09-cv-5291*, 2013 WL 140604 (N.D. Ill. Jan. 11, 2013) — 12

*Eggleston v. Chicago Journeymen Plumbers' Local 130*, 657 F.2d 890 (7th Cir. 1981) — 4, 5

*Hystro Prods., Inc. v. MNP Corp.*, 18 F.3d 1384 (7th Cir. 1994) — 10

*Kawczynski v. F.E. Moran, Inc. Fire Prot.*, No. 15 C 3099, 2015 WL 4871029 (N.D. Ill. Aug. 13, 2015) — 2

*Kerr v. WGN Cont'l Broad. Co.*, 229 F. Supp. 2d 880 (N.D. Ill. 2002) — 8

*Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377 (7th Cir. 1991) — 8

*Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697 (7th Cir. 2015) — 8

*Mach Mining, LLC v. EEOC*, 575 U.S. 480 (2015) — 3, 4, 6

*Massey v. Churchview Supportive Living, Inc.*, No. 17 C 2253, 2018 WL 999900 (N.D. Ill. Feb. 21, 2018) — 7

*Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983 (N.D. Ill. 2010) — 8

*Movement for Opportunity & Equal. v. General Motors Corp.*, 622 F.2d 1235 (7th Cir. 1980) — 13

*Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597 (7th Cir. 2001) — 3

*Papa v. Katy Industries*, 166 F.3d 937 (7th Cir. 1999) — 9-10

*Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989) — 3, 4, 6, 7

*Sea-Land Servs., Inc. v. Pepper Source*, 941 F.2d 519 (7th Cir. 1991) — 10

*Sloan v. Clorox Corp.*, No. 99 C 417, 1999 WL 495900 (N.D. Ill. July 2, 1999) — 5, 6, 7

*Sommerfield v. City of Chicago*, 863 F.3d 645 (7th Cir. 2017) — 3

*Summerland v. Exelon Generation Co.*, 510 F. Supp. 3d 619 (N.D. Ill. 2020) — 5

*Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008) — 12

*Wessman v. DDB Chicago, Inc.*, No. 12-cv-06712, 2012 WL 6216773 (N.D. Ill. Dec. 13, 2012) — 11

*Worth v. Tyer*, 276 F.3d 249 (7th Cir. 2001) — 10

iii

**STATUTES AND RULES**

| Authority | Page(s) |
|---|---|
| 42 U.S.C. § 2000e-2(a) | 9 |
| 42 U.S.C. § 2000e-5 | 5 |
| Fed. R. Civ. P. 12(b)(6) | 2, 12 |

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "EEOC") has filed an Amended Complaint alleging that Anthony Roofing Tecta America LLC ("Anthony") and Tecta America Corp. ("Tecta") (collectively, the "Defendants") have violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") (the "Amended Complaint").

However, no amount of repleading can remedy a fatal flaw in the EEOC's claims—that Tecta did not receive notice of any claims against it or the opportunity to conciliate, a mandatory condition precedent to include Tecta in this lawsuit. In fact, the Amended Complaint only alleges that EEOC Charge No. 440–2022–06889 (the "Charge") was filed against Anthony, that the Letter of Determination ("Determination") was issued against Anthony, and that it invited Anthony to engage in conciliation. (Am. Compl. at ¶¶ 14, 16, 17).

While the EEOC alleges in conclusory fashion that Tecta "was aware of" the Charge and conciliation efforts (Am. Compl. ¶¶ 15, 20), Tecta having awareness of a charge, investigation, and conciliation as to its subsidiary is not the same as Tecta having notice that it is alleged to have a direct employment relationship with the individual and alleged to have engaged in conduct that violates Title VII and the opportunity to conciliate such claims. The law requires the latter and does not permit 11th hour attempts by the EEOC to include an entirely different corporate entity in a lawsuit.

Further, the EEOC cannot avoid these requirements by simply asserting that Tecta is a "single employer" with Anthony. (Am. Compl. ¶ 13). In any event, the EEOC has not pled sufficient facts that Tecta and Anthony are a single employer with regard to any of the claimants under Title VII.

1

The Amended Complaint should also be dismissed as to both Defendants because the EEOC identifies no claimant other than Intervenor Derrick Graves, including a single individual who allegedly experienced a hostile work environment based on gender. For these reasons, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTUAL ALLEGATIONS

On June 27, 2022, Derrick Graves, a former Anthony employee, filed the Charge alleging race discrimination (African-American), harassment, and constructive discharge. (Am. Compl.; **Exhibit A**).[1] Graves filed the Charge with the assistance of counsel, and it names only "Anthony Roofing, Ltd., a Tecta America Company" as the respondent (Am. Compl. ¶ 15(a); Ex. A). The Charge consistently refers to a singular "respondent" and contains no allegations whatsoever against Tecta. (*See* Am. Compl.; Ex. A).

On May 16, 2025, the EEOC issued a Determination "to Anthony Roofing," finding reasonable cause to believe that Anthony violated Title VII. (Am. Compl. ¶ 16; Ex. B).[2] The Determination makes no reference to Tecta. The EEOC invited Anthony—not Tecta—to engage in conciliation, and Anthony thereafter attempted to conciliate with the EEOC. (Am. Compl. ¶¶ 17–19; Ex. B).

The EEOC filed its original Complaint on November 21, 2025, naming Anthony and, for the first time, Tecta, as defendants. (Compl., Dkt. No. 1). After Defendants moved to dismiss (Defs.' Mot. Dismiss, Dkt. Nos. 31-32), the EEOC filed its Amended Complaint on March 31,

---

[1] The EEOC explicitly references the Charge in its Amended Complaint, and the Charge is central to its claims. Therefore, the Court can refer to it without converting this motion into a motion for summary judgment. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); *Kawczynski v. F.E. Moran, Inc. Fire Prot.,* No. 15 C 3099, 2015 WL 4871029, at *2 (N.D. Ill. Aug. 13, 2015).

[2] Similarly, the Determination is referenced in the EEOC's Amended Complaint and is central to its claims, so the Court can refer to it without converting this motion into a motion for summary judgment. *Id.*

2026, adding allegations in support of its theory that Tecta and Anthony are a single employer and Tecta's purported awareness of the administrative proceedings involving Anthony. (Am. Compl., Dkt. No. 43).

## ARGUMENT

### I.      Title VII's Administrative Requirements Have Not Been Met for Tecta.

#### A.      No Charge Naming Tecta Was Filed.

"A plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). The requirement applies equally when the EEOC brings suit based on an individual's charge. *EEOC v. Jillian's of Indianapolis, Inc.*, 279 F. Supp. 2d 974, 978-79 (S.D. Ind. 2003). Because "the EEOC charge and the complaint must describe the same conduct and implicate the same individuals," the EEOC cannot sue a defendant unnamed in the underlying charge. *Sommerfield v. City of Chicago,* 863 F.3d 645, 648 (7th Cir. 2017) (internal quotations omitted); *see Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013); 42 U.S.C. § 2000e-5(f)(1); *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 494-95 (2015). This rule applies even if an unnamed party is the corporate parent of the named respondent, because a corporate relationship alone does not satisfy the charge filing requirement. *See, e.g., Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989); *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001).

While the Amended Complaint asserts that "Tecta America was mentioned by name in the Charge" (Am. Compl. ¶ 15(a)), this statement is intentionally misleading: the only reference in the Charge to "Tecta America" is in *Anthony's purported full legal name*— "Anthony Roofing, Ltd.,

3

a Tecta America Company"—not as a separate respondent.[3] (Ex. A). Further, Tecta's legal name is Tecta America Corp.

### B. The EEOC Cannot Satisfy the Eggleston Exception.

While the Seventh Circuit has outlined a narrow exception to the general rule that a respondent must have been named in a charge (the "*Eggleston* exception"), it does not apply here. Under the *Eggleston* exception, an unnamed company may be added as a defendant only if it had both: (1) notice of the claim against it—as opposed to the claim against its subsidiary; and (2) an opportunity to conciliate on its own behalf. *Eggleston v. Chicago Journeymen Plumbers' Local 130*, 657 F.2d 890, 905 (7th Cir. 1981); *Schnellbaecher*, 887 F.2d at 127. The Amended Complaint includes no such allegations and therefore the EEOC cannot meet this exception.

#### 1. Notice.

To satisfy the first prong of the *Eggleston* exception, the EEOC must plead facts suggesting that it provided Tecta notice of the claim *against Tecta*—separate from the claim against Anthony. *Bright v. Roadway Servs., Inc.*, 846 F. Supp. 693, 697 (N.D. Ill. 1994). Adequate notice requires that the EEOC inform the employer about the specific allegation, typically through a reasonable cause letter. *Mach Mining*, 575 U.S. at 494; *see also EEOC v. American Flange*, 2023 WL 4818185, at *3-4. Notice to a parent company of the charge against its subsidiary is not enough—instead, the EEOC must notify the parent of the charge *against the parent company*. *Schnellbaecher*, 887 F.2d at 127.

---

[3] Anthony Roofing's full legal name is "Anthony Roofing Tecta America LLC." *Business Entity Search*, Ill. Sec'y of State, https://apps.ilsos.gov/businessentitysearch/businessentitysearch (last visited Apr. 10, 2026). "In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment." *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

4

The EEOC attempts to cure this defect with new allegations that: (a) "Tecta America" was "mentioned by name" in the Charge; (b) Anthony notified Tecta's VP of Human Resources, Bonnie Ogden, upon receiving the Charge; (c) Ogden was interviewed by the EEOC investigator; and (d) the same attorney represents both Tecta and Anthony in the present lawsuit. (Am. Compl. ¶ 15).

These allegations, even taken as true, do not establish notice. In particular, there are no allegations in the Amended Complaint of anything that would have put Tecta on notice that Graves or the EEOC were alleging that it had engaged in conduct that violated Title VII, including in the Charge, the Determination, or the request for conciliation. (Ex. A; Ex. B). *Roadway*, 846 F. Supp. at 697-98 (holding that notice of plaintiff's EEOC charge and participation in conciliation proceedings was not equivalent to notice to the parent that *it* was subject to a discrimination action). As the *Roadway* court noted, "the decisive factor in determining if [this exception applies] is whether the unnamed defendant had notice that ***it was subject to suit.*** When a party has notice of the possibility of a discrimination action against it, that party has the opportunity, or at least the incentive, to conciliate" *Id.* at 697 (emphasis added) (citing *Eggleston*, 657 F.2d at 906-07); *see Summerland v. Exelon Generation Co.*, 510 F. Supp. 3d 619, 627 (N.D. Ill. 2020) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)) ("This exhaustion rule 'serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of **giving the employer some warning of the conduct about which the employee is aggrieved.**'" (internal alterations omitted) (emphasis added)); *Sloan v. Clorox Corp.*, No. 99 C 417, 1999 WL 495900, at *2-3 (N.D. Ill. July 2, 1999) ("Even if Plaintiff's assertion is true that Clorox received the EEOC charge, the EEOC complaint does not sufficiently identify or allude to Clorox being subject to such charge. Plaintiff asserts that

5

the call to 'respondent's corporate office' . . . refers to Clorox. However, the only employer address and telephone number listed on the charge is that of Hidden Valley in Illinois. Clorox's address and telephone number are in California. In addition, the charge only refers to a singular respondent throughout its text, and the only reasonable inference that can be drawn from reading the EEOC charge is that Plaintiff was referring to Hidden Valley alone.").

As discussed above, Tecta was not named as a respondent in the Charge or the Determination. (Ex. A; Ex. B). Nor does Anthony's notification to Tecta's HR executive, or her interview during the investigation, show that Tecta had notice that it was alleged to be Graves' employer and accused of violating Title VII with regard to Graves.

The EEOC's allegation regarding shared legal representation fares no better. Tecta had no legal representation during the investigation. Moreover, the fact that Tecta and Anthony now have the same legal counsel is neither unusual nor meaningful. It is commonplace for parent and subsidiary corporations to be represented by the same counsel and does not transform notice to the subsidiary into notice to the parent. *Schnellbaecher*, 887 F.2d at 125, 7 (noting that the parent and subsidiary shared attorneys, but nevertheless holding that the parent had no notice of the charge against itself).

### 2. Opportunity to Conciliate.

For the conciliation obligation to be met, the EEOC "must try to engage the employer in some form of discussion (whether written or oral), so as to give *the employer* an opportunity to remedy the allegedly discriminatory practice." *American Flange*, 2023 WL 4818185, at *4 (emphasis added) (citing *Mach Mining*, 575 U.S. at 494). Even when a parent had the opportunity to participate in conciliation with or on behalf of its subsidiary, this element is not met because the parent had no opportunity to conciliate on its own behalf. *See Sloan,* 1999 WL 495900, at *3 (N.D. Ill. July 2, 1999). Absent an additional step notifying the parent that it is itself accused of violating

6

Title VII, the conciliation obligation is not satisfied. *Id.*; *Curry v. Chateau del Mar, Inc.*, No. 07 C 6021, 2008 WL 5387118, at *3 (N.D. Ill. Dec. 22, 2008).

No such step occurred here. While the Amended Complaint asserts "Tecta America was aware of the conciliation efforts" (Am. Compl. ¶¶ 15, 20), awareness of conciliation efforts directed at a subsidiary is not equivalent to an opportunity to conciliate on one's own behalf. *See Sloan*, 1999 WL 495900, at *3 (citing *Roadway*, 846 F. Supp. at 693, 697; *Schnellbaecher*, 887 F.2d at 126-27). The Amended Complaint does not allege that the EEOC invited Tecta to participate in conciliation discussions on its own behalf, proposed any conciliation terms to Tecta, or directed any conciliation communications to Tecta at all, much less as a separate respondent. Instead, the Amended Complaint alleges that the EEOC engaged in conciliation communications "with Anthony Roofing." (Am. Compl. ¶ 18). Nor does the allegation that a Notice of Failure of Conciliation was sent to "Defendants' counsel" alter the analysis, as that notice related solely to the failure of conciliation with Anthony—not Tecta. In short, the EEOC alleges no facts showing that Tecta was afforded an opportunity to conciliate on its own behalf.

### 3. No "Single Employer" Exception.

Nor does the EEOC's claim that Tecta and Anthony were a single employer excuse this defect in its Title VII claim against Tecta. Courts within the Seventh Circuit have specifically rejected any argument that a corporate relationship can ever excuse the notice requirement. *See, e.g., Massey v. Churchview Supportive Living, Inc.*, No. 17 C 2253, 2018 WL 999900, at *5 (N.D. Ill. Feb. 21, 2018).

Instead, the single employer inquiry is distinct from the question of administrative exhaustion. Thus, even if two entities are a single employer (as the EEOC alleges here), either a charge must be filed against each entity or the *Eggleston* exception must be met. *EEOC v. American Flange*, No. 21 C 5552, 2022 WL 1693487, at *6 (N.D. Ill. May 26, 2022) ("In other

words, even where a plaintiff can successfully establish an indirect employer's potential liability . . . he must still exhaust his administrative remedies as to that indirect employer—or, alternatively, come within the *Eggleston* exception."); *see Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 989-90 (N.D. Ill. 2010) (dismissing all defendants not named in the EEOC charge, notwithstanding the plaintiffs' arguments regarding a corporate relationship and affiliate liability). As explained above, the *Eggleston* exception has not been met. As such, Tecta should be dismissed.

## II.  Tecta Should Be Dismissed Because the EEOC Has Not Pled Any Basis to Suggest Tecta Was the Employer.

### A.  The Amended Complaint Does Not Allege Tecta Was the Actual Employer.

Even if the EEOC had exhausted its administrative remedies as to Tecta (it did not), it is axiomatic that a plaintiff must plead facts establishing that *an employer* took an adverse employment action because of race or another protected activity to state a Title VII claim. 42 U.S.C. § 2000e-2(a); *see, e.g., Love v. JP Cullen & Sons, Inc*., 779 F.3d 697, 701 (7th Cir. 2015). Accordingly, Tecta can be liable only if the EEOC plausibly alleges the existence of a de facto or indirect employer-employee relationship between Tecta and the claimants. *Love*, 779 F.3d at 701.

To determine whether an entity is the de facto or indirect employer, courts analyze five factors: (1) who controls and supervises the worker; (2) the nature of the occupation and required skills; (3) who pays costs of things like equipment or the workplace; (4) who handles payments and benefits; and (5) the length of the job commitment. *Id.* (citing *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378-79 (7th Cir. 1991)). The most important factor is the right to control and direct the worker's actions. *Kerr v. WGN Cont'l Broad. Co.*, 229 F.Supp.2d 880, 886 (N.D. Ill. 2002) ("De facto or indirect employer liability depends on the amount of the control a putative Title VII defendant exerts over the plaintiff's employment."). The entity must be "so

8

extensively involved with the plaintiff's day to day employment that [it] is the 'real' employer for all intents and purposes." *Id.*

The EEOC, however, alleges no facts relating to control over any of the claimants. Instead, the EEOC relies on the corporate relationship between Tecta and Anthony. (Am. Compl. ¶ 13). But a close corporate relationship alone cannot make a parent company liable for the actions of its subsidiary. *Bright v. Hill's Pet Nutrition, Inc.*, 510 F.3d 766 (7th Cir. 2007).

Further, even the EEOC's new allegations[4]—that Tecta transfers, shares and promotes employees between units, paid Intervenor Graves, that its name is contained in certain employment documents, that the President of Anthony reports to Tecta, and that Tecta promoted Tony Clausen to President of Anthony—fall well short of establishing the requisite level of control.[5] The new and old allegations in the Amended Complaint do not allege that Tecta hired the claimants, supervised or controlled their daily work, possessed authority to hire or fire them, or directed any employment decisions affecting them. *See EEOC v. Illinois*, 69 F.3d 167, 171-72 (7th Cir. 1995); *Caskey v. Colgate-Palmolive Co*., 438 F. Supp. 2d 954, 962 (S.D. Ind. 2006), *aff'd*, 535 F.3d 585 (7th Cir. 2008).

**B.**     **The Amended Complaint Fails to Meet Minimum Pleading Requirements for a Single Employer Claim.**

The EEOC also fails to allege sufficient facts to establish that Tecta and Anthony constitute a "single employer". Under *Papa v. Katy Industries*, an affiliated corporation may be held liable

---

[4] The EEOC's Amended Complaint contains other allegations regarding the relationship between Tecta and Anthony that were contained in its original complaint. However, its filing of an Amended Complaint in response to the motion to dismiss is an acknowledgement that the allegations contained in that complaint were not sufficient to establish Tecta was claimants' actual employer or that Tecta and Anthony are a single employer.

[5] While Defendants are required to accept the Amended Complaint allegations as true for purposes of this Rule 12 motion, some of the allegations are clearly misrepresentations of fact. For instance, one look at Graves' W-2 and paychecks clearly refutes any assertion that Tecta (as opposed to Anthony) paid Graves for his work. Defendants are deeply troubled to see such a blatant misrepresentation of fact to the Court.

for violations of Title VII only if: (1) the requirements for piercing the corporate veil are met; (2) the corporate structure was used to evade liability; (3) the parent directed the alleged discriminatory conduct; or (4) liability exists under principles of successor liability. 166 F.3d 937, 940–41 (7th Cir. 1999); see also *Worth v. Tyer*, 276 F.3d 249, 260 (7th Cir. 2001). The Amended Complaint does not plausibly allege facts satisfying any of these bases for single-employer liability.

### 1. Piercing the Corporate Veil.

In order to pierce the corporate veil, the EEOC must establish: (a) there is such unity of interest and ownership that separate corporate identities cease to exist; and (b) adherence to the corporate form would sanction a fraud or promote injustice. *Hystro Prods., Inc. v. MNP Corp.*, 18 F.3d 1384, 1388–89 (7th Cir. 1994). The EEOC's added allegations, even when considered along with the original allegations in the Amended Complaint, describe nothing more than the ordinary incidents of a parent-subsidiary relationship. Courts in the Seventh Circuit consistently hold that mere corporate overlap is insufficient to pierce the corporate veil. *Bridge v. New Holland Logansport*, 815 F.3d 356 (7th Cir. 2016).

Nor does the Amended Complaint allege facts satisfying the second prong of the test. Illinois law requires some unfairness, fraud or deception, or compelling public interest—not simply the denial of recovery. *Sea-Land Servs., Inc. v. Pepper Source*, 941 F.2d 519, 523 (7th Cir. 1991). Accordingly, the EEOC has not plausibly alleged that piercing the corporate veil is warranted.

### 2. Directing the Discriminatory Act.

The Amended Complaint also does not contain any facts that Tecta directed the discriminatory conduct. Although the Amended Complaint alleges that Tecta's Human Resources department received complaints of harassment but allegedly failed to take adequate remedial

10

action (Am. Compl. ¶¶ 26-27, 30), that is a far cry from directing discriminatory acts. In fact, there are no allegations that anyone at Tecta actually engaged in any discrimination against any claimant or made or engaged in any harassing conduct towards any claimant. (*See* Am. Compl.).

Courts consistently have distinguished a parent company's awareness of complaints, on one hand, from directing discriminatory conduct, on the other. In *Bright v. Hill's Pet Nutrition*, the Seventh Circuit held that it does not matter that managers at the subsidiary told managers at the parent company about the problems, because "Title VII applies to employers, not to investors who know about what employers are doing." 510 F.3d at 771 (emphasis omitted); *Wessman v. DDB Chicago, Inc.*, No. 12-cv-06712, 2012 WL 6216773, at *3 (N.D. Ill. Dec. 13, 2012). Similarly, in *EEOC v. RJB Properties*, the court rejected the EEOC's theory that a corporate affiliate was liable because its human resources director was aware of the subsidiary's discrimination but failed to act, finding that shared HR services and awareness of discrimination are insufficient to show direction of discriminatory conduct. 857 F. Supp. 2d 727, 782-84 (N.D. Ill. 2012). The same reasoning applies here.

The Amended Complaint also adds an allegation that Anthony's HR policy permitted employees to report complaints directly to Tecta. (Am. Compl. ¶ 13(n)). This too is legally insufficient. *See Caskey*, 438 F. Supp. 2d at 958-59. As the Seventh Circuit has emphasized: "[t]hat a parent corporation has tried to prevent violations of law (the better to protect the value of its investment) hardly makes it directly responsible for those violations!" *Hill's Pet Nutrition*, 510 F.3d at 771. A subsidiary's policy permitting employees to direct complaints to a parent company does not transform that parent into an employer who directed discriminatory acts. *Id.*[6]

---

[6] The Amended Complaint contains no facts regarding the other bases for a single employer finding.

11

In sum, even with its expanded allegations regarding the corporate relationship between Anthony and Tecta, the EEOC has failed to plausibly allege that Tecta was either the claimants' de facto employer or a single employer with Anthony. All claims against Tecta should therefore be dismissed under Rule 12(b)(6).

### III. The Amended Complaint Must Be Dismissed as to Both Defendants for Failure to State a Claim.

#### A. Minimum Pleading Requirements.

"To survive a Rule 12(b)(6) motion, a complaint must provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and to show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief." *EEOC v. Rosebud Rests., Inc.*, 85 F. Supp. 3d 1002, 1004-05 (N.D. Ill. 2015) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) This requires pleading "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The EEOC must "plead[] factual content that allows the court to draw the reasonable inference" that an employer violated an applicable anti-discrimination statute as to the unidentified individuals. *EEOC v. UPS*, 09-cv-5291, 2013 WL 140604, at *3 (N.D. Ill. Jan. 11, 2013) (quoting *Iqbal*, 556 U.S. at 678).

#### B. The Amended Complaint Must Be Dismissed for Failure to State a Claim.

The EEOC's Amended Complaint does not satisfy the requisite standard with regard to either the sex or race harassment class claims. While the EEOC now finally names Derrick Graves in connection with race harassment (Am. Compl. ¶¶ 24, 27), it fails to identify even a single individual allegedly subjected to gender-based harassment—despite its second chance to do so.

12

Instead, it alleges only that unnamed "Aggrieved Individuals who are women" were subjected to offensive conduct, without identifying any woman who experienced such treatment. (Am. Compl. ¶ 29). *See EEOC v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 511 (S.D. Tex. 2012) (explaining that "[w]hile the EEOC is not required to provide the identities of all § 706 class members, the Court cannot locate a case in which the EEOC brought a § 706 claim without identifying a single plaintiff," and collecting cases).

The Amended Complaint also fails to specify where the alleged harassment occurred—despite the fact that Anthony employees work at multiple job sites and may not have been present at locations where alleged conduct occurred. The EEOC's allegations here fall well short of the minimum pleading standards, and its Title VII claims should therefore be dismissed.

### C. Allegations of Harassment Before August 31, 2021 Should Be Dismissed.

The EEOC's Amended Complaint purportedly encompasses harassment going back to "at least November 2019"—well outside of this statutory filing period. (Am. Compl. ¶ 23). However, class membership is limited to employees who could have filed a charge during the 300 days preceding the earliest underlying individual charge. *Movement for Opportunity & Equal. v. General Motors Corp.*, 622 F.2d 1235, 1248 (7th Cir. 1980); *EEOC v. Custom Cos., Inc.*, No. 02 C 3768, 2004 WL 765891, at *3 (N.D. Ill. Apr. 7, 2004). Here, the only individual charge is Graves' June 27, 2022 Charge. (Ex. A). As such, only putative class members who could have filed a charge within the 300 days preceding Graves' Charge—i.e., on or after August 31, 2021—may be included in the class.

Further, the EEOC cannot revive claims prior to August 31, 2021 under the continuing violations theory because such "a result would improperly expand the substantive rights of the individuals which the EEOC represents and would render the 300-day filing period effectively meaningless." *EEOC v. Harvey L. Walner & Assocs.*, No. 95 C 1355, 1995 WL 470233, at *4

(N.D. Ill. Aug. 7, 1995), *aff'd*, 91 F.3d 963 (7th Cir. 1996). Indeed, the continuing violation theory has been held "properly applicable only to include earlier claims for individuals, not to add new parties." *Id.* at *5 (internal quotations omitted); *see EEOC v. FAPS, Inc.*, No. CIV. 10-3095 JAP DEA, 2014 WL 4798802, at *25 (D.N.J. Sept. 26, 2014); *EEOC v. Freeman*, No. RWT 09CV2573, 2010 WL 1728847, at *5-6 (D. Md. Apr. 27, 2010).

Accordingly, the Court should dismiss any putative class members from this lawsuit who could not have filed a claim on or after August 31, 2021, and any claims based on acts allegedly occurring prior to this date.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the EEOC's Amended Complaint and grant Defendants all other appropriate relief.

Date: April 20, 2026                    Respectfully submitted,

                                        TECTA AMERICA CORP.
                                        ANTHONY ROOFING TECTA AMERICA LLC

                                        By: /s/ William A. Walden
                                        One of Its Attorneys

Gary R. Clark (ARDC #6271092)
William A. Walden (ARDC #6310421)
Quarles & Brady LLP
155 North Wacker Drive, Ste. 3200
Chicago, IL 60606
(312) 715-5000
Gary.Clark@quarles.com
William.Walden@quarles.com

14

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on April 20, 2026, I caused the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS EEOC'S AMENDED COMPLAINT,** to be electronically filed using the court's CM/ECF system, which will serve notice of same upon all counsel of record at their email addresses on file with the court.

/s/ William A. Walden
William A. Walden